IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

VINSON WOODLEE

NO. 3:20-CR-0384-N

## PLEA AGREEMENT

VINSON WOODLEE, the defendant, Scott Thomas, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. §371 (42 U.S.C. § 1320a-7b(b)(1)), that is, Conspiracy to Solicit and Receive Health Care Kickbacks. The defendant understands the nature and elements

of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

7. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the

defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

   a. **Financial Disclosures:** Within 14 days of the execution of this plea agreement, the defendant shall submit an accurate and complete personal financial statement under oath to the U.S. Attorney's Office. Upon demand, the defendant shall provide any and all additional financial documentation requested to the USPO, the Court, or the government, until his financial obligations have been paid in full.

   b. **Financial Interviews:** The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

   c. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court;

   d. **Asset Preservation:** Until restitution is paid in full by all defendants, the defendant agrees not to transfer any asset in which the defendant has an interest without prior express written consent of the U.S. Attorney, except for: (1) ordinary living expenses necessary to house, clothe, transport, and feed the defendant and those to whom the defendant owes a legal duty of support; and (2) attorney's fees incurred in connection with this criminal case. The defendant further agrees to fully cooperate with the government in the liquidation of assets to be applied towards any financial obligations imposed in this case. The defendant understands the government will review all financial disclosures submitted and require the defendant to make good-faith efforts toward payment of all financial obligations imposed by this Court.

   e. **Treasury Offset Program:** The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the

government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

8. **Restitution:** Pursuant to 18 U.S.C. § 3663A, the parties agree and stipulate that restitution is mandatory in this case. The parties further agree that the Court may determine that there are issues of fact that may make the determination of restitution complex in this case. *See* 18 U.S.C. § 3663A(c)(3). Notwithstanding any such determination by the Court, pursuant to 18 U.S.C. §§ 3663A and 3663(a)(3), the parties agree and stipulate that the defendant shall owe restitution of at least $2,000,000.00 as follows:

| Victim | Amount |
|---|---|
| Medicare | $817,349.60 |
| TRICARE | $732,612.37 |
| CHAMPVA | $22,672.73 |
| FECA | $427,365.30 |
| Total | $2,000,000.00 |

The defendant agrees that the stipulated restitution amount reflects the practical, applicable restitution amount in this case given the defendant's financial resources and future earning capacity. The defendant agrees that the Court in complying with the Mandatory Victims Restitution Act and this Plea Agreement may order restitution that is higher than the stipulated amount if additional losses, victims, and/or relevant conduct is identified.

Plea Agreement—Page 5

9. **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction.

10. **Forfeiture of property:** The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, or forfeiture bill of particulars. The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 982(a)(7). Specifically, the defendant agrees to the forfeiture of the following property:

   a. $76,321.63 in funds seized from JPMorgan Chase account in the name of J. Woodlee ending in 7565;

   b. $4,764.36 in funds seized from JPMorgan Chase account in the name of S.L. Woodlee or Vinson Woodlee ending in 9265;

   c. $21,677.88 in funds seized from JPMorgan Chase account in the name of H.D. Woodlee or S.L. Woodlee ending in 1390;

   d. $7,972.78 in funds seized from JPMorgan Chase account in the name of Trinity Living Trust ending in 4284;

   e. All funds in Northwestern Mutual policy ending in 6827, fbo S. Woodlee;

   f. All funds in Northwestern Mutual policy ending in 6851, fbo Vinson Woodlee; and

   g. 2019 Mercedes-Benz GLS 550 (VIN 4JGDF7DE2KB186559).

The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and

Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

In addition, the defendant and the government desire to resolve all civil forfeiture matters related to this criminal case (specifically, Case No. 3:19-CV-2402-L (N.D. Tex.)), *United States v. $8,000.53 in Funds Seized from JPMorgan Chase Account Ending in 3329, et. al.* (the "Civil Forfeiture Action") in a global settlement. Therefore, the defendant agrees to the civil forfeiture of any and all of his interests in the following properties (collectively, "defendant property"):

    a.    $8,000.53 in funds seized from JPMorgan Chase account in the name of Angelina Management Group, LLC ending in 3329;

    b.    $9,999.94 in funds seized from JPMorgan Chase account in the name of August Legacy Business Solutions, LLC ending in 9588;

    c.    $9,110.01 in funds seized from JPMorgan Chase account in the name of Austin Group Management, LLC ending in 0550;

    d.    $8,815.00 in funds seized from JPMorgan Chase account in the name of Bastrop FHC Management, LLC ending in 6039;

    e.    $7,213.69 in funds seized from JPMorgan Chase account in the name of Blue Heron Business Solutions, LLC ending in 0809;

    f.    $23,944.99 in funds seized from JPMorgan Chase account in the name of Genisys Healthcare Partners, LLC ending in 5957;

    g.    $9,172.20 in funds seized from JPMorgan Chase account in the name of Hexamed Business Solutions, LLC ending in 5270;

h. $7,012.58 in funds seized from JPMorgan Chase account in the name of Houston LIH Management, LLC ending in 0629;

i. $8,150.00 in funds seized from JPMorgan Chase account in the name of Houston PAA Management, LLC ending in 5872;

j. $16,000.05 in funds seized from JPMorgan Chase account in the name of Idealign Business Solutions, LLC ending in 8725;

k. $24,511.93 in funds seized from JPMorgan Chase account in the name of Jandon Enterprises, LLC ending in 1251;

l. $8,573.43 in funds seized from JPMorgan Chase account in the name of Jandon Medical Staffing, LLC ending in 2931;

m. $118,649.75 in funds seized from JPMorgan Chase account in the name of Med Left, LLC ending in 0650;

n. $8,910.00 in funds seized from JPMorgan Chase account in the name of North Harris Group Management, LLC ending in 8965;

o. $8,909.99 in funds seized from JPMorgan Chase account in the name of Plano DIM Management, LLC ending in 2723;

p. $9,899.99 in funds seized from JPMorgan Chase account in the name of Texas EHM Management, LLC ending in 0100;

q. $13,929.46 in funds seized from JPMorgan Chase account in the name of Trinity Champion Healthcare Partners, LLC ending in 6933;

r. $88.00 in funds seized from JPMorgan Chase account in the name of Dayne Healthcare Enterprises, LLC ending in 5813;

s. $193.17 in funds seized from JPMorgan Chase account in the name of Houston XXXI Management, LLC ending in 1189;

t. $3,990.01 in funds seized from JPMorgan Chase account in the name of Merit Integrity Healthcare Partners, LLC ending in 5969;

u. $4,559.93 in funds seized from JPMorgan Chase account in the name of Baytown Group Management, LLC ending in 9381;

v. $4,777.64 in funds seized from JPMorgan Chase account in the name of Riva Reserve Healthcare Partners, LLC ending in 3778;

w. $1,349.52 in funds seized from JPMorgan Chase account in the name of Southern Cross Healthcare Partners, LLC in ending in 5821;

x. $807.44 in funds seized from JPMorgan Chase account in the name of Agent Starling Enterprises, LLC ending in 2183; and

y. $1,340.04 in funds seized from JPMorgan Chase account in the name of South Harris Group Management, LLC ending in 5339

pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C). The defendant agrees and consents to both a stipulation waiving his right, title, and interest in the defendant property in the civil forfeiture case and the entry of an agreed judgment forfeiting the funds and property to the government, pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C). The defendant consents to entry of a judgment of forfeiture regarding these funds and waives any requirements (including notice of forfeiture) set out in Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. §§ 981 and 983. The defendant agrees to provide truthful information and evidence necessary for the government to complete the forfeiture of the defendant property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of the defendant property.

The U.S. Attorney's Office agrees to recommend to the United States Department of Justice in a restoration request that the value of forfeited property in this case be applied to reduce the amount the defendant owes on the restitution order. If the

restoration request is approved, the government will transfer the value of forfeited property to the court for application to the restitution order and distribution to victims.

11. **Exclusion from the Medicare Program and Other Federal Health Care Programs**: The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all other Federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

12. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property, except as otherwise set forth herein.

13. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or

withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

14. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

15. **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

16. **Representation of counsel:** The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied

with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

17.  **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 27th day of October, 2022

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*/s/ Marty Basu*

MARTY BASU
Assistant United States Attorney
Illinois Bar No. 6302360
RENEE HUNTER
Assistant United States Attorney
Texas Bar No. 24072942
DONNA STRITTMATTER MAX
Assistant United States Attorney
Texas Bar No. 24041984
1100 Commerce Street, Third Floor
Dallas, TX 75242
Tel: 214-659-8600
Email: Marty.Basu@usdoj.gov
Email: Renee.Hunter@usdoj.gov
Email: Donna.Max@usdoj.gov

*/s/ Katherine Miller*

KATHERINE MILLER
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*/s/ Vinson Woodlee*                                10-17-22
VINSON WOODLEE                                     Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Plea Agreement—Page 13

_____  Date 10/19/22
SCOTT THOMAS
Attorney for Defendant