IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-00384-N |
| VINSON WOODLEE | |

## PRELIMINARY ORDER OF FORFEITURE

Based on the government's Unopposed Motion for Preliminary Order of Forfeiture, and good cause appearing, the Court GRANTS the motion, and FINDS:

Considering the defendant's plea of guilty to Count One of the Indictment charging the defendant with Conspiracy to Solicit and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371 (42 U.S.C. § 1320a-7b(b)(1)) and 18 U.S.C. § 982(a)(7), the defendant must forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

Based on the government's motion, the defendant's plea of guilty, the plea agreement (Dkt. 27), and the factual resume (Dkt. 28), such property includes:

a. $76,321.63 in funds seized from JPMorgan Chase account in the name of J. Woodlee ending in 7565;

b. $4,764.36 in funds seized from JPMorgan Chase account in the name of S.L. Woodlee or Vinson Woodlee ending in 9265;

c. $21,677.88 in funds seized from JPMorgan Chase account in the name of H.D. Woodlee or S.L. Woodlee ending in 1390;

d. $7,972.78 in funds seized from JPMorgan Chase account in the name of

    Trinity Living Trust ending in 4284;

  e. All funds in Northwestern Mutual policy ending in 6827, fbo S. Woodlee;

  f. All funds in Northwestern Mutual policy ending in 6851, fbo Vinson Woodlee; and

  g. 2019 Mercedes-Benz GLS 550 (VIN 4JGDF7DE2KB186559)

("Subject Property").

The Subject Property is subject to forfeiture under 18 U.S.C. § 982(a)(7) because the United States has established the requisite nexus between the property and the offense.

Accordingly, IT IS HEREBY ORDERED:

Pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b), all right, title, and interest in the Subject Property is forfeited to the United States of America.

Under Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of

notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claims, and the relief sought.

Under Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

Under Fed. R. Crim. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

**SO ORDERED this 3rd day of March, 2023.**

_____
**DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE**